## Perna *v.* McFadden, Appellant.

*Contract—Building contract—Liquidated damages—Affidavit of defense.*

In an action by a contractor against the owner to recover a balance alleged to be due on a building contract, where it appears that the contract provided that the contractor should pay as liquidated damages $1.00 per day for each day of delay in the completion of twelve houses, an affidavit of defense which claims to set off damages for delay for

forty days in completing the twelve houses, is insufficient if it fails to state how many houses were finished within the time limit, wherein was the contract unfinished, and what, if anything, was done by the defendant to remedy the delay caused by the plaintiff's alleged default.

Argued Dec. 12, 1906.   Appeal, No. 208, Oct. T., 1906, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1906, No. 3,483, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Joseph Perna v. Cornelius F. McFadden.   Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Assumpsit to recover a balance alleged to be due on a building contract.

The portion of the affidavit relating to the set-off for liquidated damages and interest, is as follows :

That the contract sets forth on its face that the work was to be completed in two weeks from the date of signing of contract.   That as the contract was signed on May 2, 1906, the work therein provided for should have been completed on May 16, 1906, but in point of fact and according to the statement filed it was not completed until June 25, 1906, which was forty days after the date agreed upon.   And it was further provided in said agreement that said Perna should be liable to a penalty of $1.00 per day for each house for each day's delay, as liquidated damages, so that this deponent is entitled to retain out of any money due or to become due the said plaintiff the sum of $480 for his delay in completing the work, the said amount being $1.00 per day per house for twelve houses and for forty days.

Defendant further says that by the delay caused as aforesaid by the failure of the plaintiff to complete the work within the time agreed upon, this deponent was put to great additional loss and expense as all other work had to wait until the cellars and foundations were completed by the plaintiff and during all that time the amount of interest charged against this deponent and paid by him (the interest on $84,000 for forty days making $560) could have been avoided had the plaintiff completed his contract within the time specified therein.

The order of the court was as follows :

September 19, 1906, rule absolute for $732.27, with interest thereon.

September 22, 1906, damages assessed at $734.25.

The affidavit is insufficient in its claim to set off the forty days' penalty of $12.00 a day, because it does not aver that twelve houses were not completed. The claim for interest charges is not authorized by the contract.

Defendant appealed.

*Error assigned* was the order of the court.

*P. E. Carroll*, for appellant.

*Henry K. Fries*, for appellee.

Opinion by Beaver, J., February 25, 1907:

Plaintiff claimed a balance of $1,098.86 from defendant, upon a contract for excavation and stone work of certain houses in the city of Philadelphia, under an agreement in writing, a copy of which is attached to the statement. A paragraph of said contract which relates to liquidated damages is as follows:

" The said party of second part further promises and agrees to push the work vigorously and to keep pace with the other work, to the satisfaction of the party of the first part, and agrees to pay the sum of one dollar per house for each day's delay as liquidated damages until such delay shall cease, and directs the same shall be deducted from any cash payment that shall be due, will be due, or is to become due by virtue of this contract. And should such delay continue for more than five days, then the said party of the first part to have the right to assume charge of and sublet or relet all or any part of the above work or furnish the material and labor and set other men to do the work, and charge the cost thereof against any balance that may be due, will be due, or is to become due by virtue of this contract, for the work done, or to be done, or material furnished, or to be furnished, as above stated."

The affidavit of defense filed by the defendant expressly denies the accuracy of the measurement of both excavation and stone work for which the plaintiff claims, and further claims, as a set-off, items of lumber, steel bars, and removing rubbish and

dirt, amounting to $88.00.    The defendant also claims penalty for delay, as provided in contract, $1.00 per house per day, for forty days—$480; interest on $84,000 for forty days—$560, under averments contained in the affidavit of defense as follows:

" That the contract sets forth on its face that the work was to be completed in two weeks from the date of signing of contract.    That as the contract was signed on May 2, 1906, the work therein provided for should have been completed on May 16, 1906, but in point of fact and according to the statement filed it was not completed until June 25, 1906, which was forty days after the date agreed upon.    And it was further provided in said agreement that said Perna should be liable to a penalty of $1.00 per day for each house for each day's delay, as liquidated damages, so that this deponent is entitled to retain out of any money due, or to become due, the said plaintiff, the sum of $480, for his delay in completing the work, the said amount being $1.00 per day per house for twelve houses and for forty days.

" Defendant further says that by the delay caused as aforesaid by the failure of the plaintiff to complete the work within the time agreed upon, this deponent was put to great additional loss and expense, as all other work had to wait until the cellars and foundations were completed by the plaintiff, and during all that time the amount of interest charged against this deponent and paid by him (the interest on $84,000 for 40 days, making $560) could have been avoided, had the plaintiff completed his contract within the time specified therein."

The court below adjudged the affidavit of defense sufficient as to the items first above mentioned, aggregating $366.59, and entered judgment for $732.27.    The affidavit was deemed insufficient as to the items last mentioned, namely, for delay in the completion of houses under the contract, and interest on $84,000 for forty days.

As to the last item, it is very clear that, if the penalty provided in the contract is liquidated damages, as therein set forth, none other would be recoverable under the agreement.    The question, therefore, is as to the sufficiency of the affidavit of defense in regard to this penalty.    The claim is for $12.00 per day for forty days.    The agreement, however, provides for the

payment " of $1.00 per house for each day's delay, as liquidated damages, until such delay shall cease." How many houses were finished within the time limit provided for in the contract? The defendant fails to set this forth. It would be manifestly unfair to claim for the delay, if eleven houses were finished and but one unfinished. Wherein was the contract unfinished? The defendant does not state. It would be possible, for anything which appears in the affidavit to the contrary, that the twelve houses might have been finished, with a single inconsiderable item, which the plaintiff could have remedied under his contract, which enables him after five days' delay " to assume charge of and sublet or relet all or any part of the above work, or furnish the material and labor and set other men to do the work, and charge the cost thereof against any balance that may be due," etc. Having the right to do this, did he do it? If so, the cost of doing it would have been the proper measure of damages. What was finished, as to the number of houses and the extent of the work to be done, at the end of the contract period, should have been specifically set forth. What remained unfinished should also have been specified. What, if anything, was done by the defendant to remedy the delay caused by the plaintiff's alleged default should have been specifically set out. The defendant's affidavit of defense is, in these respects, indefinite and unsatisfactory. It was impossible for the court below, under its terms, to determine what, if anything, was due, as liquidated damages, under the clause of the contract providing therefor. It follows that the defendant had the benefit of his affidavit of defense, so far as it was an accurate and sufficient denial of the plaintiff's claim.

Judgment affirmed, without prejudice to the right of the plaintiff to proceed for the balance of his claim, as to which the affidavit of defense was regarded as sufficient.